Lin v. Sessions

BIA
Sichel, IJ
A099 427 631

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand seventeen.

PRESENT:
        JON O. NEWMAN,
        DENNIS JACOBS,
        PIERRE N. LEVAL,
            *Circuit Judges.*

_____

XIA LIN,

            *Petitioner,*

        v.                                          10-3365
                                                    NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
            *Respondent.*

_____

FOR PETITIONER:          Theodore N. Cox, New York, New
                         York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Shelley R. Goad,
                         Assistant Director; Kristen
                         Giuffreda Chapman, Trial Attorney,
                         Office of Immigration Litigation,

UPON DUE CONSIDERATION of this petition for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xia Lin, a native and citizen of China, seeks review of (1) a February 19, 2009, decision of the BIA that reversed the January 23, 2007, decision of an Immigration Judge ("IJ") granting asylum, *In re Xia Lin,* No. A099 427 631 (B.I.A. Feb. 19, 2009), *rev'g* No. A099 427 631 (Immig. Ct. N.Y. City Jan. 23, 2007), and (2) a July 26, 2010, decision of the BIA that denied her motion to remand, *In re Xia Lin,* No. A099 427 631 (B.I.A. July 26, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, contrary to the Government's contention, we have jurisdiction to review both of the BIA's decisions. In *Alibasic v. Mukasey*, we held that the Court has jurisdiction to review, as a final order of removal, a BIA decision denying relief from removal and remanding solely for consideration of voluntary departure. 547 F.3d 78, 83-84 (2d

2

10242016-11

Cir. 2008). We did not hold that an alien is required to petition for review of such decisions at the time they are issued rather than wait to petition until the completion of removal proceedings on remand. *See id.; see also INS v. St. Cyr*, 533 U.S. 289, 313 (2001) (referring to 8 U.S.C. § 1252(b)(9) as a "zipper clause" that provides for consolidation in one action in the court of appeals of questions of law and fact arising in removal proceedings).

The standards of review for both decisions are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58, 168-69 (2d Cir. 2008); *see also Wu Lin v. Lynch*, 813 F.3d 122, 129 (2d Cir. 2016). Lin applied for asylum, withholding of removal, and relief under the Convention Against Torture, and later moved to reopen removal proceedings, asserting a fear of persecution based on the birth of her children in the United States purportedly in violation of China's population control program.

For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d at 156-73, we find no error in the BIA's determination on *de* novo review that Lin failed to satisfy her

3

burden of establishing an objectively reasonable well founded fear of persecution.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4